**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GARY HUNT**                                                                           **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 4:12-CV-00019-SA-JMV**

**SHERIFF RICKY BANKS, IN HIS OFFICIAL and
INDIVIDUAL CAPACITIES, and
LAMORRIS HAMPTON, IN HIS OFFICIAL and
INDIVIDUAL CAPACITIES**                                  **DEFENDANTS**

**AMENDED COMPLAINT
(Jury Trial Demanded)**

COMES NOW Plaintiff Gary Hunt (hereinafter Plaintiff), by and through his attorneys of record, and files this, his AMENDED COMPLAINT against Defendants Sheriff Ricky Banks and LaMorris Hampton, and would allege the following:

<u>PARTIES</u>

1. Plaintiff is a mentally ill adult resident citizen of Mississippi, currently residing at the South Mississippi Correctional Institution (SMCI), located at 22689, Highway 63 North, Leakesville, Mississippi 39451.

2. Defendant Sheriff Ricky Banks (hereinafter Defendant Banks) is an adult resident citizen of Mississippi, employed with the Leflore County Sheriff's Department, and can be served with process at 310 West Market Street Greenwood, MS 38930.

3. Defendant Deputy LaMorris Hampton (hereinafter Defendant Hampton) is an adult resident citizen of Mississippi, and based upon information and belief, formerly employed with the Leflore County Sheriff's Department. His last known address is 310 West Market Street Greenwood, MS 38930.

## JURISDICTION

4. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

## VENUE

5. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Leflore County, Mississippi.

## UNDERLYING FACTS

6. On or about May or April 1, 2011, Plaintiff was leaving the Brazil Homes, headed to a friend's house in Leflore County, Mississippi.

7. While leaving the Brazil Homes, Plaintiff was stopped by Deputy Len Wooden, of the Leflore County, Mississippi Sheriff's Department.

8. Deputy Wooden asked Plaintiff to come to the deputy's car for questioning.

9. Plaintiff refused, turned around, and began walking back towards the Brazil Homes.

10. Deputy Wooden then pursued the Plaintiff on foot, ordering Plaintiff to stop.

11. Plaintiff then stopped, turned around, and pointed a pistol at Plaintiff's head, telling Deputy Wooden that he was going to kill himself.

12. As a result, Deputy Wooden called for back up, and Defendant Hampton responded to the scene.

13. Upon reporting to the scene, Defendant Hampton exited his vehicle, pointing a shotgun at Plaintiff. Deputy Wooden ordered Defendant Hampton not to

shoot; however, Defendant Hampton disobeyed Deputy Wooden's order and shot Plaintiff twice.

14. Defendant Hampton shot Plaintiff in his left upper shoulder and in his lower right side. Based upon information and belief, Deputy Wooden was the senior officer on the scene, having authority over Defendant Hampton.

15. As a result, Plaintiff sustained injuries.

## COUNT ONE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al

16. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

17. Plaintiff would show unto the Court that Defendant Deputy Hampton intentionally, recklessly, and with wanton disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights under federal laws, equal protection rights under federal laws, and violated other civil rights of Plaintiff under federal laws, including Plaintiff's right to be free from excessive force.

18. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT TWO
## EXCESSIVE FORCE

19. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

20. Plaintiff would show unto the Court that the Defendants took actions to deprive Plaintiff of his Fourth Amendment protection against excessive force.

21. Specifically, Plaintiff posed no threat to Defendant Hampton, or anyone else present during the subject incident.

22. Defendant Hampton proximately caused Plaintiff's injuries, Defendant Hampton's use of force was excessive to the need, and his actions were not objectively reasonable under the circumstances.

## PRAYER FOR APPROPRIATE RELIEF

23. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

24. As a result of the acts of reckless disregard of the Defendants named herein, Plaintiff has suffered severe damages for which the Defendants should be held jointly and vicariously liable.

25. All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, loss of wage earning capacity, and all other damages to be proved at trial.

26. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the acts of reckless disregard, for an amount to be determined by this Court.

27. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiff and others similarly situated as to amount to willful, wanton and/or intentional misconduct, thereby entitling Plaintiff to an award of punitive damages to be

determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants: compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, attorney's fees, and all costs of this proceeding, with such final amount being at least $500,000.00, or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act or federal law, plus any recovery to be determined by a jury or finder of fact, and allowed under any applicable state laws and guidelines.

This the 7th day of August, 2012.

                                          RESPECTFULLY SUBMITTED,
                                          GARY HUNT, PLAINTIFF

                                          /s Tangala L. Hollis
                                    By:_____
                                    CARLOS E. MOORE, MSB #100685
                                    TANGALA L. HOLLIS, MSB#103301
                                    COUNSELS FOR PLAINTIFF

OF COUNSEL:

**MOORE LAW OFFICE, PLLC**
1155 S. Martin Luther King, Jr. Blvd.
P.O. BOX 1487
GRENADA, MS 38902-1487
(662)227-9940 (PHONE)
(662)227-9941(FAX)

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> GARY E. FRIEDMAN, Esq.
> SAUNDRA STRONG, Esq.
> JASON T. MARSH, Esq.
> PHELPS DUNBAR, LLP
> P. O. Box 16114
> Jackson, Mississippi 39236-6114

THIS, the 7th day of August, 2012.

/s Tangala L. Hollis
_____
Carlos E. Moore, Esq.
Tangala L. Hollis. Esq.